

FILED
Stephan Harris
Clerk of Court
10/15/2015

Marti Lundahl and Hollie Telford
935 Wilderness Trail
Green River, Wyoming 82935

UNITED STATES DISTRICT COURT FOR THE STATE OF WYOMING
CHEYENNE DIVISION

| | |
|---|---|
| MARTI LUNDAHL and HOLLIE TELFORD | Civil No. 15cv188-J |
| Plaintiff | |
| vs. | PETITION AND AFFIDAVIT OF HOLLIE TELFORD TO PROCEED PRO SE PURSUANT TO THE WYOMING FEDERAL PRE-FILING ORDER CURRENTLY UNDER ATTACK IN THE UNITED STATES SUPREME COURT |
| GLOBAL E. LLC. d/b/a/ PIONEER PARK MHC, THIRD JUDICIAL DISTRICT COURT JUDGE NENA JAMES; CENTURYLINK PUBLIC COMMUNICATIONS INC.; ANN CLAYTON, JUDY CARRILLO MICHEAL STULKEN AND DOES 1-10 | |
| Defendants | |

PETITION REQUESTING LEAVE TO FILE A PRO SE LAWSUIT

COMES NOW seek leave to file the above stated pro se lawsuit subject to a Wyoming federal pre-filing order that is currently under attack in the US Supreme Court but has yet to be given a case number.

 A. List of Current Cases:

  1. Hollie Lundahl v. Kathleen Gittens, case no. 13-23, dismissed for lack of personal jurisdiction under rule 12(b)(2). Presently under Rule 59 attack based on general appearance made by the parties.

  2. Teton County, Hollie Lundahl v. Eli Lilly, case no. 16653. Case in interlocutory status. Some parties have been dismissed for alleged untimely service of process when the defendants gave false information re their whereabouts; some parties dismissed under the first to file rule; some parties improperly dismissed on time bar grounds because the court failed to apply the savings statute and other tolling grounds alleged in the complaint. Remaining parties have not been disposed.

    3. Global E. LLC d/b/a Pioneer Park MHC, Case No. CV-15-217-J
Appeal of eviction proceedings pending in the Sweetwater County
District Court. This state action is preempted by this Fair
Housing Complaint pursuant to 42 U.S.C. § 3615.

    4. Hollie Lundahl v. Mary Corporon, case no. 14-659, in the Sweet-
water County District Court. Case is pending disposition of
Plaintiff's Second Amended Complaint alleging breach of contracts
and related torts.

    5. Lundahl v. American Family Insurance, case no.15-CV-90, Wyoming
Federal court. Court dismissed AFI on the grounds of lack of
general personal jurisdiction over AFI in Wyoming in spite of owner-
ship of over $4 million in property assets in Wyoming and the
sales of insurance policies in Wyoming. No final order has been
entered.

    6. Lundahl v. Eli LILLY, et al. U.S. Supreme Court, no assigned case
no. yet. Attack on the Wyoming federal pre-filing order herein
and the other pre-filing orders listed in the Wyoming Pre-filing Order.

B. List of all pre-filing orders entered against Plaintiff WITH SPECIAL NOTE
THAT PLAINTIFF HAS SOUGHT TO VACATE THE VOID PRE-FILING
ORDERS IN VARIOUS COURTS WHO HAVE REFUSED TO ADDRESS
PLAINTIFF"S EQUITY PETITIONS;   HENCE HOLLIE's PENDING
PETITION BEFORE THE US SUPREME COURT TO COMMAND A
WRIT TO THE VARIOUS COURTS TO CONSIDER HOLLIE'S EQUITY
PETITIONS DECREEING THESE PRE-FILING ORDERS VOID.

    1. The Ninth Circuit Court of Appeals, In re Lundahl, No. 97-80258 (9th Cir. Jul. 17, 1997);

    2. The United States District Court for the District of Utah, In re Lundahl (D.Utah July 8, 2004)

    3. The United States Supreme Court, Lundahl v. Eli Lilly & Co., 73 USLW 3631, 2005 WL 461288 (Apr. 25, 2005);

    4. The Tenth Circuit Court of Appeals, Johnson v. Stock, No. 03-4219, 2005 WL 1349963 (10th Cir. June 8, 2005);

    5. The United States District Court for the Western District of Texas, Lundahl v. Hawkins, 2009 WL 3617518 (W.D.Tex. Oct. 27, 2009), aff'd, 407 Fed.Appx. III (5th Cir. 2011); and

    6. The United States District Court for the District of Idaho, Lundahl v. Nar Inc., 434 F.Supp.2d 855 (D.Idaho May 24, 2006).

7. Wyoming Supreme Court, Lundahl v. Eli Lilly, S-15-0061

C. Current street address of every defendant in the proposed lawsuit.

1. Judy Carrillo, Ann Clayton, PIONEER MHP aka Global E. LLC
   1104 Wilderness Trail
   Green River, WY 82935

2. Judge Nena James
   80 West Flaming Gorge Way, Ste 255
   Green River, WY 82935

3. CenturyLink Communications Inc.
   Agent of Service CT Corporation
   1712 Pioneer Ave, Ste 120
   Cheyenne, WY 82935

STATE OF WYOMING
COUNTY OF SWEETWATER

## AFFIDAVIT OF HOLLIE TELFORD

I, HOLLI LUNDAHL, sworn and under oath wish to present the following claims for relief in this action.

1. This lawsuit presents the following claims for relief:

### Discussion of claims

### FIRST CAUSE OF ACTION
(Ex parte Young Claim for Prospective Injunctive Relief Against Judge Nena James in her Individual Official Capacity Only

This defendant is sued for prospective injunctive relief from continuing to violate a federal statute under the Fair Housing Act via 42 U.S.C. § 3615 (expressly commands that "any law of a State . . . that purports to require or permit any action that would be a discriminatory housing practice under this subchapter shall to that extent be invalid".). This Judge continues to permit the private party defendants to violate the accommodation rule under the FHAA as applied to disabled persons. She also continues to permit the private party defendants to retaliate against Plaintiffs under the act as alleged in the complaint. In accordance with federal law, Judge Nena James actions are wholly illegal.

### SECOND CAUSE OF ACTION
(Violation of 42 U.S.C. § 3604(f)(3) et seq. Of The Federal Housing Amendments Act Against The PIONEER PARK Defendants

Title 42 U.S.C. § 3604(f)(3)(B) makes it unlawful for any person or entity to refuse "to make reasonable accommodation in rules, policies, practices, or services, when such accommodation may be necessary to afford such person equal opportunity to use and enjoy a dwelling." Acceptance of Voucher May Be Required as a Reasonable Accommodation, 38 HOUS. L. BULL. 144 (July 2008).

In accordance with the supported allegations in the complaint, the PIONEER defendants refused to make reasonable accommodations in the rules, policies and services to afford disabled plaintiffs to use and enjoy a dwelling located in a mobile home park.

### THIRD CAUSE OF ACTION
(Violation of 29 U.S.C. § 794, 42 U.S.C. § 3617, 24 CFR § 100.400 and 42 U.S.C. § 3631, 42 U.S. Code § 2000d; Of Various Federal Acts Proscribing Retaliation And Interference - Against ALL Defendants Except defendant Judge Nena James

Title 29 U.S.C. § 794 : prohibits discrimination against the handicapped in federally funded programs. H.R. Rep. No. 100-711 at 25 reprinted in 1988 U.S.C.C.A.N. At 2186. Titles 42 U.S.C. § 3617 , 24 CFR § 100.400, 42 U.S. Code § 2000d and 42 U.S.C. § 3631 prohibit retaliation against any protected person under various federal acts and interference with any person's ability to participate in federally assisted program.

All Defendants except monetarily immuned defendant Judge Nena James did retaliate against Plaintiffs identified as protected disabled persons under the FHAA through ongoing bad faith harassment and access to services attaching to the section 8 dwelling by making threats and attempts for forcibly remove plaintiffs from their dwelling structure through self help criminal trespass procedures; disconnecting emergency telephonic services relevant to Plaintiff's disability conditions; and procuring bad faith eviction proceedings against Plaintiff in violation of the FHAA.

### FIFTH CAUSE OF ACTION
(Violations of The Covenant Of Quiet Enjoyment Against ALL Defendants Except defendant Judge Nena James)

ALL defendants breached the covenant of Quiet Enjoyment promised in Plaintiff's federally subsidized Section 8 Tenancy Addendum to a HUD Housing Assistance Contract and in the oral contract Plaintiff's operated under while in possession of the mobile home lot. Acts of interfering with services to procure Plaintiffs to voluntarily vacate a rented space, harassment by local police authorities, threats of injury to person and property and orchestrating unjustified eviction proceedings have all been held to be acts to breach the covenant of quiet enjoyment. 12

### SEVENTH CAUSE OF ACTION
(Violations of the Fair Debt Collection Practices Act Against Defendant CENTURYLINK)

Defendant CENTURYLINK fabricated a bill for services for Plaintiff HOLLIE when this Plaintiff had terminated her services with CENTURYLINK in May of 2015; when no account services were provided to HOLLIE from May 2015 forward, and ; when no contract existed between HOLLIE and CENTURYLINK from May of 2015 forward, all in violation of 15 U.S.C. § 1692e(2)(A).

I, Hollie Telford further attest that :

(A) That the legal arguments being raised are not frivolous or made in bad faith; and

(B) That the legal arguments being raised are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and ••

(C) That the claims I wish to present have never been fully adjudicated by any federal or state court and, thus, are not barred by res judicata, collateral estoppel, or other similar legal defense; and

(D) That the proposed lawsuit is not interposed for any improper purpose, such as delay or to needlessly increase the cost of litigation or to avoid the valid execution of a judgment; and

(E) That I will comply with all applicable court rules and local rules throughout the proceedings.

I declare that the foregoing is true and correct under penalty of perjury of the laws of the U.S.

_____
HOLLIE TELFORD

Subscribed and sworn to before me this 8th day of October, 2015

_____
NOTARY PUBLIC

[Notary Seal: My Commission Expires July 21, 2018 — Sweetwater County, Wyoming]