| | |
|---|---|
| GLOBAL E, LLC, d/b/a PIONEER PARK MHC, <br><br> Plaintiffs, <br><br> v. <br><br> MARTI LUNDAHL, and HOLLIE TELFORD, <br><br> Defendants. | Case No. 15-CV-188-ABJ |

## ORDER AWARDING GLOBAL E & CENTURYLINK COSTS AND ATTORNEYS' FEES

Global E, LLC's *Claim for Costs and Attorney's Fees* (Doc. No. 43), *Affidavit in Support of Attorney Fees* (Doc. No. 45), *Statement of Consultation Pursuant to Local Rule 54.3* (Doc. No. 46), CenturyLink's *Claim for Costs and Attorney's Fees* (Doc. No. 44), *Attorney's Affidavit for Attorney Fees* (Doc. No. 47), *Supplement to Claim for Costs and Attorney's Fees* (Doc. No. 48), *Attachment to Attorney's Affidavit for Attorney's Fees [47] Filed Under Seal* (Doc. No. 49), the defendants' *Opposition to Global/Pioneer's Motion for "Remand Attorney Fees" as Obtained By Way of Fraud Upon This Court in Violation of Cross Plaintiff's First, Fourth and Fifth Amendment Rights* (Doc. No. 52); and *Amended Opposition to Global/Pioneer's and CenturyLink's Motions for "Remand Attorney Fees" as Obtained By Way of Fraud Upon This Court in Violation of Cross Plaintiff's First, Fourth and Fifth Amendment Rights* (Doc. No. 55) are before the Court.

On April 7, 2016, the Court issued its *Order for Remand* (Doc. No. 31), remanding the case to the Third Judicial District of Wyoming. At that point, this Court no longer possessed

jurisdiction over the merits of this case. The only remaining issue is the matter of costs and attorneys' fees.

The Court retains jurisdiction to award costs and attorneys' fees after remand. *Bryant v. Britt*, 420 F.3d 161, 165 (2nd Cir. 2005); *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363, 365–68 (7th Cir. 2000); *Stallworth v. Greater Cleveland Reg. Transit Authority*, 105 F.3d 252, 254–57 (6th Cir. 1997). Even though the defendants qualified as *in forma pauperis*, costs and attorneys' fees may still be assessed against them. *See Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (explaining that the Court possesses "discretion to revoke the [*in forma pauperis*] privilege when it no longer serves its goals").

Costs and attorneys' fees may be awarded when a defendant in state court wrongfully removes a case to federal court.

> A civil case commenced in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally. 28 U.S.C. § 1441 (2000 ed. and Supp. II). If it appears that the federal court lacks jurisdiction, however, "the case shall be remanded." § 1447(c). An order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Ibid.*

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). The *Martin* Court went on to establish the requisite standard.

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. See, *e.g., Hornbuckle*, 385 F.3d, at 541; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (C.A.5 2000). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c). *Fogerty*, 510 U.S., at 534, n. 19, 114 S.Ct. 1023; see also *Milwaukee v. Cement Div., National Gypsum*

*Co.*, 515 U.S. 189, 196, n. 8, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995) ( "[A]s is always the case when an issue is committed to judicial discretion, the judge's decision must be supported by a circumstance that has relevance to the issue at hand").

*Id.* at 141. The key inquiry is whether the defendants possessed an objectively reasonable basis for seeking removal. Here, the defendants did not.

First, the defendants did not include all the proper jurisdictional information in their *Notice of Removal*. There was no way to tell from the face of the *Notice of Removal* whether or not the Defendants were properly removing the case. The Court could not tell whether the three cases had been removed timely. Second, the notice of removal was filed substantially beyond the time limits of the statute, indicating that the defendants intended to improperly delay state action that was not proceeding in their favor. Third, the defendants attempted to start two other cases within the removal action, which was an attempt to avoid the filing restrictions imposed by the District of Wyoming. Although the defendants are *pro se*, they have enough legal sophistication to count days and know the basic requirements of removal. Given the constant, vexatious filings, the Court finds that the defendants intended to circumvent the filing restrictions and delay all three state cases without any legitimate legal justification.

For all the reasons stated above, the Court finds that the defendants lacked an objectively reasonable basis for seeking removal. Therefore, the Court will award both Global E and CenturyLink the requested costs and attorneys' fees, which the Court finds reasonable. It is hereby

**ORDERED** that Global E is entitled to $18.40 in costs and $2,000.00 in attorneys' fees. It is further

**ORDERED** that CenturyLink is entitled to $13.46 in costs and $1,870.00 in attorneys' fees. It is further

**ORDERED** that this Court no longer possesses jurisdiction over any other matters in this case, and it is therefore closed after judgment for the costs and attorneys' fees has been entered.

The Court will enter judgment accordingly.

Dated this ___9th___ day of May, 2016.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE